IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tara DeMarco, Tammy Mills, Brian Earl, Taina Stratton, Jonathon Williams, individually, and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>   v.<br><br>Phillips & Associates, P.C., Phillips & Associates Law Offices, P.C., Phillips & Associates Injury Law Offices, P.C., Phillips & Associates Bankruptcy Law Center, P.C., Jeffrey Phillips and Tracy Phillips, Robert Arentz and Jane Doe Arentz,<br><br>                  Defendants. | Case No.: CV06-316-PHX-MHB<br><br>**FINAL ORDER<br>AND<br>JUDGMENT** |

Before the Court is the parties' Joint Motion for Approval of Proposed FLSA Class Settlement and Supporting Memorandum ("Joint Motion"). The Court, having considered the Motion, all of the submissions and arguments with respect to the Motion, the proposed settlement agreement ("Settlement Agreement"), having conditionally certified an Opt-In Class by Order dated June 1, 2006 pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and for good cause appearing,

1  IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

2  1.  The Joint Motion is GRANTED.

3  2.  The Court has reviewed the Settlement Agreement in light of the factors set forth in *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003), and find that the Settlement Agreement is fair, reasonable and adequate, and in the best interests of the Class, including Defendants' agreement to pay Class Counsel $285,000 for the Class' attorneys' fees and costs. The Settlement Agreement is approved and the parties are directed to consummate and to implement the Settlement Agreement in accordance with its terms immediately.

3.  By this Order and the judgment entered pursuant to it, Plaintiffs Tara DeMarco, Tammy Mills, Brian Earl, Taina Stratton and Jonathon Williams (collectively, "Named Plaintiffs") completely release and forever discharge Defendants Phillips & Associates, P.C., Phillips & Associates Law Offices, P.C., Phillips & Associates Injury Law Offices, P.C., Phillips & Associates Bankruptcy Center, P.C., Jeffrey Phillips and Traci Phillips, Robert Arentz and Pil Arentz (collectively, "Defendants"), pursuant to Section 4.2 of the Settlement Agreement.

4.  By this Order and the judgment entered pursuant to it, Defendants shall irrevocably and unconditionally release and discharge Named Plaintiffs, pursuant to Section 4.2 of the Settlement Agreement.

5.  On June 20, 2008, pursuant to Section 4.3 of the Settlement Agreement, Class Counsel mailed to each individual who, pursuant to the FLSA's collective action procedures, timely and properly opted-in to this litigation ("Opt-In Class Member") a copy of the entire Settlement Agreement as well as a Release and Waiver form that identified their individual gross settlement amounts, and advised each Opt-In Class Member that, if this Court approved the settlement, they would have up to 120 days following any such Order to decide if they wish to participate in this settlement.

6. Any Opt-In Class Member who does not execute and return to Class Counsel the Release and Waiver within 120 days after the date of this Order is deemed to have rejected the settlement and that individual's "Consent to Opt-into Collective Action" will be deemed void and of no force and effect.

7. By this Order and the judgment entered pursuant to it, each Opt-In Class Member who has timely executed and returned to Class Counsel their Release and Waiver completely releases and forever discharges Defendants, pursuant to Section 4.3 of the Settlement Agreement.

8. By this Order and the judgment entered pursuant to it, Defendants shall irrevocably and unconditionally release and discharge each Opt-In Class Member who has timely executed and returned to Class Counsel their Release and Waiver, pursuant to Section 4.3 of the Settlement Agreement.

9. The Court has reviewed the scope and terms of the releases set forth in Sections 4.2 and 4.3 of the Settlement Agreement and understand that the parties have provided the Court with power to modify or revise the scope of the releases, if necessary, for approval of the Settlement Agreement. The Court finds that the scope and terms of the releases are fair and reasonable as written.

10. The mutual releases set forth above are binding upon the Named Plaintiffs, each Opt-In Class Member who has executed a Release and Waiver, Defendants, and each of their respective affiliates, divisions, parents, subsidiaries, predecessors, successors in business or interest, assigns, agents, heirs, administrators, attorneys, employees, executors, directors, officers, trustees, controlling persons, shareholders, liquidators, insurers, reinsurers, subrogees and representatives of all of the foregoing, and each of them, and all persons able to claim through any of the foregoing.

11. As the Named Plaintiffs never sought certification of a Federal Rule of Civil Procedure 23 Class for their claims brought under the Arizona Wage Statute, nothing in this Order shall be deemed to release, extinguish or otherwise compromise in

any way any claims brought by any individuals who did not timely or properly opt-in to this litigation. The Named Plaintiffs' claims asserted on behalf of a putative Rule 23 class for alleged violations of the Arizona Wage Statue, as set forth in Count Two of the Complaint, are hereby dismissed without prejudice. All other claims are hereby dismissed with prejudice.

12. Without affecting the finality of this judgment, the Settlement Agreement shall remain in full force and effect according to its terms.

13. Nothing in this Final Order and Judgment shall be construed or used as an admission, concession, or declaration by or against Defendants for any fault, wrongdoing, breach or liability. Nor shall this Order be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of any claim asserted in the action or the defense to any claim asserted in this action.

14. The Named Plaintiffs, the Opt-In Class Members, and Defendants having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Order and Judgment be, and hereby is entered as a final and appealable order.

Dated this 1st day of August, 2008.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge